```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- x
CAVIT CANTINA VITICOLTORI CONSORZIO      :
CANTINE SOCIALI DEL TRENTINO SOCIETA'    :
COOPERATIVA (an Italian corporation),    :    09 Civ. 2192 (JSR)
                                         :
            Plaintiff,                   :    MEMORANDUM
                                         :
         -v-                             :
                                         :
BROWMAN FAMILY VINEYARDS, INC. (a        :
California corporation),                 :
                                         :
            Defendant.                   :
---------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

On March 10, 2009, plaintiff Cavit Cantina Viticoltori Consorzio Cantine Sociali del Trentino Societa' Cooperativa ("Cavit"), an Italian wine producer, brought this action against defendant Browman Family Vineyards, Inc. ("Browman"), a California wine producer, asserting federal-law claims for trademark infringement, unfair competition, and trademark dilution, as well as New York statutory and common-law claims.  Cavit sells wine under the "Cavit" label, while Browman sells wine with the brand name "Cavus."  On March 11, 2009, Browman filed an action in Northern District of California seeking a declaratory judgment of non-infringement (the "California Action").

On April 7, 2009, plaintiff filed a motion to enjoin the California Action.  The following day, defendant cross moved for transfer to the Northern District of California on the ground of either improper venue or convenience, or, in the alternative, for dismissal on the ground of improper venue or lack of personal

jurisdiction.  The Court received full briefing from the parties and heard oral argument on May 7, 2009.  By Order dated May 14, 2009, the Court ruled that venue was improperly laid in the Southern District of New York, granted defendant's motion to transfer the case to the Northern District of California, and denied plaintiff's motion to enjoin the California Action.  This Memorandum sets for the reasons for that decision.

According to the complaint, Cavit is an Italian cooperative that sells wines throughout the world under the "Cavit" name and has several registered "Cavit" trademarks.  Compl. ¶¶ 2, 6-8.  Cavit asserts that it sells millions of cases of "Cavit"-brand wines in the United States annually and that it sells wine in the Southern District of New York.  Id. ¶¶ 11, 6.  The complaint alleges that Browman began selling wines under the name "Cavus" as early as November 2007 and that "Cavus" wines are sold in the Southern District of New York.  Id. ¶¶ 16-17.  It is this last allegation, however, that defendant strenuously contests on its motion.

In connection with their cross-motions, the parties submitted numerous affidavits and other supporting materials which establish the following essentially uncontested facts.[1]  Browman has two acres

---

[1] When a motion to dismiss for lack of personal jurisdiction is brought, but no discovery has been conducted and no hearing has been held, plaintiff need only make a prima facie showing that jurisdiction exists.  Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990).  The Court may consider affidavits submitted by the parties as well as the pleadings themselves, but when it does so, all inferences are to be drawn in favor of plaintiff and doubts resolved in the plaintiff's

2

of vineyards in Napa Valley and began selling wine in 2008. Declaration of Darryl Browman dated April 7, 2009 ("First Browman Decl.") ¶¶ 2-3.  At the time of filing this lawsuit, the company had produced only a few hundred cases of wine and, of those, had sold 178.  See First Browman Decl. ¶ 3; Ex. 1 to Declaration of Jeffrey M Goehring dated April 22, 2009 ("Goehring Decl."); Second Declaration of Darryl Browman dated April 28, 2009 ("Second Browman Decl.") ¶ 2. Browman has never sold wine in or shipped wine to New York State, and it is not licensed to do so.  First Browman Decl. ¶ 4.  It has not advertised Cavus wine in New York State (except for the vineyard's web site, which is accessible from New York State but through which it is not possible to purchase wine), and it does not have any contractual relationship with any licensed wine distributors in New York State.  Id.  Browman sells its Cavus wine primarily through a retailer in St. Helena, California called Acme Fine Wines, and it primarily advertises its wine in California.  Id. ¶ 3.

In May 2008, however, a representative from a wine distributor called Angel's Share Wines ("Angel's Share") visited the Browman vineyard in Napa Valley and purchased 10 cases of Cavus wine. Id. ¶ 5; Second Browman Decl. ¶ 6.  Angel's Share is located in Brooklyn, in the Eastern District of New York.  Declaration of Marc D. Taub dated April 20, 2009 ("Taub Decl.") ¶ 16.  Browman advised Angel's Share that it could not ship wine to New York, and Angel's

---

favor, "notwithstanding a controverting presentation by the moving party."  A.I. Trade Fin., Inc. v. Petra Bank, 989 F.2d 76, 79-80 (2d Cir. 1993).

Share subsequently sent a common carrier to Browman's Napa Valley warehouse to pick up the wine.  Second Browman Decl. ¶ 6.  Browman did not have any direct knowledge of or control over the resale of the wine.  Id.

Whether through Angel's Share or some other means, bottles of Cavus wine did make their way to New York State for resale.  Specifically, the materials before the Court show that Cavus wine is available in three locations in New York State: 1) a retailer called Pop's Wines & Spirits in Island Park, New York – in the Eastern District of New York – lists Cavus on its website, see Ex. 2 to Goehring Decl.; 2) a retailer called Rochambeau Wines and Liquors in Dobbs Ferry, New York – in the Southern District of New York – lists Cavus on its website, see Ex. 3 to Goehring Decl.; and 3) a restaurant called Bryant & Cooper Steakhouse in Roslyn, NY – in the Eastern District of New York – features Cavus on its wine list, see Ex. 5 to Goehring Decl.  In addition, a retailer called Pluckemin Inn Wine Shop in Bedminster, New Jersey lists Cavus on its website.  See Ex. 4 to Goehring Decl.

An effort to purchase a bottle of 2004 Cavus wine through the website of Rochambeau Wines and Liquors, the only location in the Southern District in New York where Cavus appears to have been for sale, yielded a message stating,

> Sorry,
>
> Your request for **1 bottle(s)** of **Cavus Cabernet Sauvignon 2004** can not be fulfilled at this time.  If you would still like to place this order, please call (914) 693-0034 or e-mail info@rochambeauwines.com, or try lowering the quantity of your request.

Third Declaration of J. Scott Gerien ("Third Gerien Decl.") dated April 28, 2009 ¶2; Ex. 1 to Third Gerien Decl. There is no indication that any follow-up attempt to place an order for the wine was made.

Browman argues that on these facts, even if all inferences are drawn in plaintiff's favor, venue in the Southern District of New York is improper under 28 U.S.C. § 1391, and, accordingly, Browman seeks transfer to the Northern District of California under 28 U.S.C. § 1406(a). Browman also argues, in the alternative, that the Court lacks personal jurisdiction over it, but it states its preference for transfer on the ground of improper venue over dismissal on the ground of lack of personal jurisdiction. "The question of personal jurisdiction, which goes to the court's power to exercise control over the parties, is typically decided in advance of venue, which is primarily a matter of choosing a convenient forum." Leroy v. Great Western United Corp., 443 U.S. 173, 180 (1979). However, because "neither personal jurisdiction nor venue is fundamentally preliminary in the sense that subject-matter jurisdiction is, . . . when there is a sound prudential justification for doing so, . . . a court may reverse the normal order of considering personal jurisdiction and venue." Id.

The Court finds that prudential considerations favor evaluating the issue of venue first, not only because it is the defendant's stated preference, but also because the question of whether this Court has personal jurisdiction over defendant is very close and is likely to lead to further litigation, cf. Columbia

5

Pictures Inds., Inc. v. Schneider, 435 F. Supp. 742, 748 (S.D.N.Y. 1977) ("The possibility of an erroneous determination of personal jurisdiction in New York followed by lengthy proceedings thereafter over which we were ultimately found to lack jurisdiction, and the desirability of avoiding decisions unnecessary to ultimate resolution of the merits by a federal court strongly suggest that California is a more appropriate forum."). In particular, although the Court makes no finding as to whether personal jurisdiction exists, it notes that at this stage of the litigation, there is a substantial and genuine debate over whether exercising personal jurisdiction over defendant would comport with the constitutional requirements of due process:

New York's "long-arm" statute provides, in relevant part, that "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . contracts anywhere to supply goods and services in the state." N.Y. C.P.L.R. § 302(a). Assuming arguendo that jurisdiction is proper under this statute based on Browman's sale of 10 cases of wine to Angel's Share, which subsequently resold the wine in New York State, it is far from clear that under Asahi Metal Industry Co., Ltd. v. Superior Court of California, 480 U.S. 102 (1987), jurisdiction can constitutionally be predicated on those events. While Browman knew that Angel's Share was located in New York, it did not solicit Angel's Share or contract with Angel's Share for the resale of the wine (and it did not itself ship the wine to New York). The Court stated in Asahi that for personal jurisdiction to be proper based on a defendant's sale of a

product that made its way, through the stream of commerce, to the forum state, there must be

> <u>an action of the defendant purposefully directed toward the forum State</u>. The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State. Additional conduct of the defendant may indicate an intent or purpose to serve the market in the forum State, for example, designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State. But a defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State.

<u>Id.</u> at 112 (citations omitted) (emphasis in original). While it might conceivably be inferred from the above-recited facts that Browman agreed to sell the wine to Angel's Share on the understanding that Browman would, through Angel's Share's subsequent efforts, gain a foothold in the New York wine market, there is no direct evidence that Browman took any action "purposefully directed toward" New York State. <u>See also</u> <u>Kreutter v. McFadden Oil Co.</u>, 71 N.Y.2d 460, 467 (1988) (stating that N.Y. C.P.L.R. § 302 "is a 'single act statute' and proof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, <u>so long as the defendant's activities here were purposeful</u> and there is a substantial relationship between the transaction and the claim asserted") (emphasis added).

On the other hand, the question of whether venue is proper in the Southern District of New York is relatively straightforward. Pursuant to 28 U.S.C. § 1391(b),

> [a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. . . .

Venue cannot here be predicated on § 1391(b)(2). While it is not necessary, for venue to be proper under this provision, that the district in question be the district in which the most substantial part of the events giving rise to the claim occurred, see Gulf. Ins. Co. v. Glasbrenner, 417 F.3d 353, 356-57 (2d Cir. 2005), the Second Circuit has stated, "we caution district courts to take seriously the adjective 'substantial.' That means for venue to be proper, significant events or omissions material to the plaintiff's claim must have occurred in the district in question," id. at 357. The only event pertaining to plaintiff's claim that allegedly occurred in the Southern District of New York, as far as the facts before the Court show, is that a third party that is not alleged to have any relationship with defendant may at one time have offered Cavus wine for sale. This does not rise to the level of "a substantial part of the events . . . giving rise to the claim[s]" in this case.

Nor can venue be predicated on § 1391(b)(1) on the theory that Browman "resides" in the Southern District of New York. Section 1391(c) provides that

> [f]or purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time

8

>an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

The question of whether Browman is subject to personal jurisdiction in New York State as a whole is very close. When the inquiry is focused on the Southern District alone, the Court finds that Browman does not have sufficient contacts with the district to subject it to personal jurisdiction. Even if Browman can be said to have "purposefully directed" its product toward New York state as a whole, it strains the inference too far to say that Browman "purposefully directed" its product toward the Southern District of New York when Angel's Share is located in the Eastern District of New York and the majority (two out of three) of the instances in which Cavus wine appears to have been offered for sale in the state took place in the Eastern District.[2] And if there is no individual district in New York in which Browman would be subject to personal jurisdiction, then venue would be proper in the Eastern District of New York, where it has "the most significant contacts."

---

[2] The Court notes that, while plaintiff asserted repeatedly in its papers and at oral argument that New York is a "single-sale jurisdiction," see tr. 5/7/09, courts have found that federal law, rather than New York law, applies to the venue analysis under 28 U.S.C. § 1391. See Bicicletas Windsor, S.A. v. Bicycle Corp. of America, 783 F. Supp. 781, 786 (S.D.N.Y. 1992). Although jurisdiction under N.Y. C.P.L.R. § 302 is still limited by the applicable constitutional requirements, in any case the inquiry here is limited to a federal-law due process/minimum contacts analysis. See also Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3811.1.

Venue in the Southern District of New York was therefore not proper in this case.  Under 28 U.S.C. § 1406(a), when venue has been laid in the wrong district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  Plaintiff does not dispute that this action could have been brought in the Northern District of California.  The Court's exercise of discretion in determining whether to dismiss or transfer the case is informed by, inter alia, the convenience of the parties, ease of access to sources of proof, and – particularly important here – the desirability of expeditious litigation and concerns of judicial economy.  See French Transit, Ltd. v. Modern Coupon Sys., Inc., 858 F. Supp. 22, 27 and n.11 (S.D.N.Y. 1994).  Given the existence of the parallel litigation in the Northern District of California, where Browman is located, the circumstances here favor transfer of the case to that district so that the district court there can determine how best to achieve the orderly resolution of the claims underlying the two actions.

Because the Court has determined that venue in the Southern District of New York is improper and that transfer to the Northern District of California is appropriate, it further finds that plaintiff's motion to enjoin the California Action must be denied. While it is true that in general, "where there are two competing lawsuits, the first suit should have priority," First City Nat'l Bank & Trust Co. v. Simmons, 878 F.2d 76, 79 (2d Cir. 1989) (citing Motion Picture Lab. Technicians Loc. 780 v. McGregor & Werner, Inc., 804 F.2d 16, 19 (2d Cir. 1986), this rule is not rigid and need not be

10

followed when the "balance of convenience or special circumstances giv[e] priority to the second," <u>id.</u> (alterations omitted).  Here, where the first-filed lawsuit was brought in an improper venue and both cases will now be before the same court, there is no basis for enjoining the second-filed action.

For the foregoing reasons, that prong of plaintiff's motion that sought transfer of the case to the Northern District of California was granted and plaintiff's motion to enjoin the California Action was denied.  <u>See</u> Order, May 14, 2009.

Dated: New York, NY
       September 27, 2009        _____
                                       JED S. RAKOFF, U.S.D.J.